UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DOUGLAS R. MILLER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7770
MDD_DRMChambers@mdd.uscourts.gov

February 9, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:   *Christopher M. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 24-02922-DRM

Dear Counsel:

On October 8, 2024, Plaintiff Christopher M. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case, ECF No. 7, and the parties' briefs, ECF No. 11 and 12. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on March 12, 2019, alleging a disability onset of May 24, 2018. Tr. 227-228. Plaintiff's claims were denied initially and on reconsideration. Tr. 92-99. On November 3, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 7-30. Following the hearing, on January 28, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 7-30. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, making the ALJ's decision the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a). Accordingly, Plaintiff filed for judicial review and, on July 10, 2023, this Court remanded the case to the Commissioner for further administrative proceedings in accordance with the fourth sentence of section 205(g) of the Social Security Act. Tr. 1059-1065. On December 6, 2023, following this Court's remand for further proceedings, the

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security on October 8, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Christopher M. v. Bisignano*
Civil No. 24-2922-DRM
February 9, 2026
Page 2

ALJ conducted a hearing. Tr. 991–1021. The ALJ again denied Plaintiff's disability claims on June 10, 2024. Tr. 964–990. Plaintiff thereafter commenced this action pursuant to 42 U.S.C. § 405(g), electing to forego Appeals Council review and rendering the ALJ's decision the final, reviewable decision of the Social Security Administration. *See* 20 C.F.R. § 422.210(a).

## II.   THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from his alleged onset date of May 24, 2018, through his date last insured of December 31, 2023[.]" Tr. 969. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity, obstructive sleep apnea (OSA), cervical and lumbar spine degenerative disc disease (DDD), insomnia, migraine headaches, major depressive disorder (MDD), and attention deficit hyperactivity disorder (ADHD)." Tr. 970. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "hypertension/high blood pressure." Tr. 970. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 971. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except: He can never climb ladders, ropes, or scaffolds but can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. He can never be exposed to extreme cold and heat, vibration, or hazards such as dangerous moving machinery and unprotected heights. He can tolerate moderate noise intensity level as defined in the Dictionary of Occupational Titles (DOT). He can understand, remember, and carry out simple instructions and make simple, work-related decisions. He can work at a consistent pace throughout the workday but not at a production-rate pace such as on an assembly line or work involving monthly or hourly quotas. He can tolerate occasional interaction with coworkers, supervisors, and the public. He can tolerate occasional changes in the work setting.

Tr. 974. The ALJ determined that Plaintiff was unable to perform past relevant work. Tr. 980. Still, the ALJ found the Plaintiff could perform other jobs that existed in significant numbers in the

national economy. Tr. 980. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 981.

### III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   ANALYSIS

Plaintiff raises two central arguments on appeal, specifically that the ALJ failed to comply with the Appeals Council's remand order, and that the ALJ's RFC calculation remains otherwise unsupported by substantial evidence because the ALJ failed to build a sufficient logical bridge between the evidence and the limitations in Plaintiff's RFC. ECF No. 11 at 8-9. Defendant counters that the ALJ properly accounted for Plaintiff's moderate limitations in concentration, persistence, or maintaining pace when formulating Plaintiff's RFC. ECF No. 12 at 6.

The Court agrees with Defendant and will affirm the Commissioner's decision. In sum, the record makes clear that the ALJ complied with the remand order from the Appeal Council and that the ALJ supported her decision with substantial evidence and adequate reasoning. After the Plaintiff's case was initially remanded to the Commissioner by this Court, the Appeals Council issued an order stating, in part:

> Further consideration of the residual functional capacity (RFC) assessment is necessary. According to Social Security Ruling 96-8p, the hearing decision must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence. The narrative explanation is important because it explains to any subsequent reviewer how the limitations in the RFC assessment were determined. In the present case, though the hearing decision includes a review of the evidence, the hearing decision does not adequately explain how the limitations in the RFC assessment were determined, with specific citations to the medical and non-medical evidence.
>
> For example, the hearing decision indicates that the claimant's mental impairments cause a moderate limitation in the ability to concentrate, persist, or maintain pace (Finding No. 4). To accommodate the claimant's moderate limitation in this area,

*Christopher M. v. Bisignano*
Civil No. 24-2922-DRM
February 9, 2026
Page 4

> the hearing decision indicates that the claimant has the RFC to work at a consistent pace throughout the workday, but not at a production rate pace, such as on an assembly line or work involving monthly or hourly quotas (Finding No. 5). The hearing decision then provides a review of the evidence and notes that the claimant has difficulty completing tasks in relation to his attention deficit hyperactivity disorder, but that [h]is mental status examinations generally show that he is attentive (Decision, page 7). The hearing decision also discusses the claimant's mental health treatment (Decision, page 10). Finally, the hearing decision concludes that based on the claimant's documented issues with concentration combined with his reported memory deficiencies, the claimant is capable of understanding, remembering and carrying out simple instructions in nonproduction rate pace work and make simple work-related decisions and minimal change (Decision, page 10).
>
> However, the evaluation is insufficient because the hearing decision does not explain which specific findings in the record support the conclusion that a limitation from assembly line work and working involving monthly or hourly quotas would adequately accommodate the claimant's moderate limitation in the ability to concentrate, persist, or maintain pace. Therefore, the hearing decision does not provide a logical bridge between the evidence and the limitations in the RFC assessment. Consequently, further consideration of the RFC assessment is necessary.

Tr. 1061-1062. Plaintiff asks the Court to remand the ALJ's opinion, contending that it "failed to comply with the Appeals Council's remand order and because the RFC determination remains unsupported by substantial evidence." ECF No. 11 at 9. Specifically, Plaintiff claims that the ALJ "materially erred for a second time" when, in Plaintiff's view, the ALJ failed to provide "any narrative explanation" as to how or why she determined that Plaintiff can work at a consistent pace throughout the workday but not at a production-rate pace such as on an assembly line or in work involving monthly or hourly quotas. *Id.* at 11. Plaintiff further argues that the ALJ failed to adequately explain how or why she believed such a limitation would be sufficient to accommodate Plaintiff's impairments. *Id.*

     To be sure, 20 C.F.R. § 404.977(b) requires that ALJs comply with a remand order from the Appeals Council, and failing to do so constitutes a reversible error. *See, e.g., Salvetti v. Astrue*, No. WGC-09-2576 (D. Md. Dec. 21, 2011) ("A remand is warranted since the ALJ failed to follow the instructions of the Appeals Council"). In this case however, it is apparent that the ALJ's decision considered a wide body of evidence that adequately addressed the Appeals Council's order, and that the ALJ supported her conclusions with adequate reasoning and substantial evidence from the record.

     The ALJ considered objective medical evidence in the record, acknowledging Plaintiff's mental health diagnoses. Tr. 975-988. The ALJ further touched on several examinations that, while noting the Plaintiff suffered from mental health ailments like depression, still found the Plaintiff able to maintain a normal attention span, concentration, and memory. Tr. 508, 977. The ALJ

*Christopher M. v. Bisignano*
Civil No. 24-2922-DRM
February 9, 2026
Page 5

further considered the effectiveness of Plaintiff's mental health treatments, emphasizing reports that showed medication had a positive effect on Plaintiff's focus and ability to complete tasks. Tr. 584, 588, 977.

The ALJ also gave a thorough explanation as to why Plaintiff's daily activities were not consistent with his alleged disability. Tr. 975. For example, the Plaintiff was not only able to handle his own personal care, but further cared for his five young children when his wife worked, maintained activities including reading, playing video games, and serving as the mayor of his town at the time of the hearing. *Id.* The ALJ noted how Plaintiff obtained the position through a campaign that involved letter writing, door knocking, and other activities. *Id.* Once elected, the position required Plaintiff to carry out several duties on a weekly basis, including attending meetings, approving agendas, and signing checks. *Id.* When taken together, the ALJ concluded that these activities suggested more capacity in areas of concentration and persistence than Plaintiff alleged, and made his claim of disability less persuasive. *Id.*

Plaintiff argues that it is unclear how the ALJ reached her conclusion that Plaintiff can work at a consistent pace throughout the workday but not at a production-rate pace such as on an assembly line or in work involving monthly or hourly quotas. ECF No. 11 at 11. Additionally, Plaintiff claims that the error the ALJ committed here is identical to those where judges of this district found reversible error, such as in *Megan M. v. Kijakazi*, CBD-19-3395, 2022 WL 19774 (D. Md. Jan. 3, 2022). Defendant, on the other hand, contends that case law cited by Plaintiff, and *Megan M.* in particular, is easily distinguished from the facts at hand here, as many of these cases involved multiple errors, internal contradictions, and cherrypicked facts on the part of the ALJ that have no parallel here. ECF No. 12 at 14.

In sum, this Court agrees with Defendant that the ALJ supported her RFC analysis with substantial evidence and adequate reasoning, building a logical bridge from the evidence to the conclusion. Specifically, the Court agrees with Defendant's contention, ECF No. 12 at 12, that the ALJ was tasked with balancing evidence that suggested Plaintiff had difficulties concentrating and completing tasks at a normal pace, with other evidence that Plaintiff maintained good concentration and normal memory. Thus, upon review of the record, it is evident that the ALJ's RFC provisions regarding work activity that involved a "production-rate pace such as on an assembly line or in work involving monthly or hourly quotas" were sufficient to address the limitations present to Plaintiff's RFC. Tr. 974.

Several other judges of this district have recognized that similar RFC restrictions sufficiently accounted for a claimant's limitations in concentration, persistence, or pace. *See, e.g.*, *Teresa B. v. Comm'r, Soc. Sec. Admin.*, SAG-18-2280, 2019 WL 2503502, at *2 (D. Md. June 17, 2019) (holding that an RFC provision limiting a claimant to "no work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the other)" was sufficient to address moderate CPP limitations); *Kenneth L. v. Kijakazi*, SAG-20-624, 2021 WL 4198408, at *2 (D. Md. Sept. 15, 2021) (holding that a limitation to "no strict production quotas" was sufficient to address moderate CPP limitations); *Ja'Quant T. v. Dudek*, No. CDA-24-0344, 2025 WL 948388, at *4-5 (D. Md. Mar.

*Christopher M. v. Bisignano*
Civil No. 24-2922-DRM
February 9, 2026
Page 6

28, 2025) (rejecting argument that the ALJ failed to provide a proper narrative discussion to support an RFC that precluded work at a specific production rate pace).

Lastly, as pointed out in Defendant's brief, Plaintiff fails to offer evidence that he cannot perform work within the ALJ's RFC limitations. As Judge Hurson noted in *Ian B. v. Kijakazi*, "where an ALJ 'finds moderate limitation in CPP' and 'has included a . . . restriction to 'nonproduction oriented' work, *Mascio* does not require further explanation by the ALJ, at least absent some evidentiary showing by the claimant . . . that he or she cannot perform even non-production[-]type work because of his or her particular CPP deficits." No. 22-2486-BAH, 2023 WL 5608005, at *3 (D. Md. Aug. 30, 2023).

When evaluating an ALJ's decision for substantial evidence, the reviewing court reads the ALJ's decision "as a whole." *Keene v. Berryhill,* 732 F. App'x 174, 177 (4th Cir. 2018). With this in mind, it is clear that the ALJ provided more than adequate explanation and explicit references to the record to allow for meaningful judicial review.

## V.    CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge